IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY DELMAR SMITH, #36307-177, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 3:08-CV-1561-P | |
| ) | | |
| UNITED STATES MAIN POST OFFICE, ) | | |
| Defendant. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a federal inmate.

Parties: Plaintiff is presently incarcerated at the Federal Correction Institution in Seagoville, Texas. The sole Defendant is the United States Main Post Office. In light of Plaintiff's *pro se* status, the court liberally construes the complaint to name as Defendant the United States Postal Service.

The court did not issue process in this case, pending preliminary screening. On September 18, 2008, the magistrate judge issued a questionnaire to Plaintiff, who filed a non-responsive answer on September 23, 2008. The court re-issued the questionnaire advising Plaintiff that he needed to answer each of the questions, and not merely reiterate the claims asserted in his complaint. Plaintiff filed his amended answers to the questionnaire on October 10, 2008, again reiterating only the claims asserted in his complaint.

Statement of Case: The complaint seeks to allege Fourth Amendment violations against the United States Postal Service, stemming from events which began on October 27, 2004, and continued through May 2007, when Plaintiff allegedly surrendered to Postal Inspector Jeff Krafels as a result of an indictment in this court for possession of stolen mail, bank fraud, and conspiracy to commit those offenses. *See United States v. Smith*, 3:07cr135-B(04) (N.D. Tex.). On May 27, 2008, following his plea of guilty to bank fraud, the trial court sentenced Plaintiff to thirty-three months imprisonment, a three-year term of supervised release, and restitution in the amount of $69,127.22. *Id.* A direct appeal is presently pending before the Fifth Circuit Court of Appeals. *See* No. 08-10519. Plaintiff seeks monetary relief for each day that he has been incarcerated.[1]

Findings and Conclusions: The court must examine the threshold question of whether it has subject matter jurisdiction over Plaintiff's claims. Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *In re Moody*, 849 F.2d 902, 904 (5th Cir. 1988). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff seeks to sue the United States Postal Service under 28 U.S.C. § 1331 for purported civil rights violations. (*See* Complaint at 1 and 3). That section simply provides that

---

[1] Contemporaneously with the filing of this action, Plaintiff filed two civil rights actions stemming from some of the same events at issue in this case. *See Smith v. Seagoville Police Department*, 3:08cv1560-P (N.D. Tex., Dallas Div., Oct. 9, 2008) (dismissed for failing to name a suable entity or individual); *Smith v. Wells Fargo Bank of Texas*, 3:08cv1562-N (N.D. Tex., Dallas Div.) (referred to the undersigned magistrate judge for screening).

the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It does not provide an independent basis of subject matter jurisdiction. Additionally, the Postal Service, as an agency of the United States, is immune from suit as a result of sovereign immunity. *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.").

Likewise, the court lacks subject matter jurisdiction over any *Bivens* claims that Plaintiff may have alleged against the Postal Service.[2] It is well established that a federal agency is immune from an action predicated on *Bivens*. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 483-86, 114 S.Ct. 996, 1005-06 (1994) (holding that "[s]overeign immunity is jurisdictional in nature", and that *Bivens* cause of action cannot be brought against federal agency); *Govea v. ATF*, 207 Fed.Appx. 369, 2006 WL 3147324 (5th Cir. 2006) (unpublished per curiam) (same).

Although not named in the caption, Plaintiff mentions Postal Inspector Jeff Krafels and other unidentified Postal Service employees in the body of the complaint. In light of this, the court liberally construes the complaint to allege *Bivens* claims against the above individuals.

The court permitted Plaintiff to proceed *in forma pauperis*. Thus, his *Bivens* claims are subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or

---

[2] *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

3

> officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S. Ct. 1955, 1968-69 (2007).

Plaintiff's *Bivens* claims lack an arguable basis in law. The two-year statute of limitations bars all claims stemming from events preceding September 3, 2006, two years before the filing of the complaint. *See Brown v. Nations Bank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999); *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998).

Any claim arising from events post-dating September 3, 2006, fares no better. The complaint alleges that U.S. Postal Inspector Jeff Krafels "maliciously arrested . . . [Plaintiff] after refusal to interview on or about October 18, 2006." (Complaint at 3). The court takes judicial notice that in another action in this court, Plaintiff alleged that Police Officer A.J. Jumper arrested him following a traffic violation and a vehicle search on October 17, 2006. *See* Complaint at 2 in *Smith v. Seagoville Police Dep't*, No. 3:08cv1560-P (N.D. Tex., Dallas Div.). The court twice granted Plaintiff an opportunity to expound on his malicious arrest claim or any other claim against Defendant Krafels, but he declined to do so. (*See* Original and Supplemental

4

Answers to the Questionnaires).

Next Plaintiff alleges that Krafels attempted to interview several of his family members in May 2007, and that from September through December 2006, other Postal Service employees "continued to question un-indicted persons about" him. (Complaint at 2). Plaintiff cannot sue on behalf of family members and/or other un-indicted individuals. Therefore, all claims against Krafels and the unidentified Postal Service employees lack an arguable basis in law and should be dismissed as frivolous.

In answer to the supplemental questionnaire, Plaintiff seeks to raise for the first time claims stemming from his prosecution and conviction in No. 3:07-CR-135-B(04). He alleges that (1) his Fourth Amendment rights were violated by a warrantless search; (2) the grand jury was misled; (3) no bank complained about him; (4) the government failed to prove the allegations in the indictment; (5) his guilty plea was not knowing and voluntary; (6) his confession was coerced; (7) the conviction violated his "speedy trial" rights; and (8) counsel rendered ineffective assistance. (Answer to Supplemental Questionnaire, filed October 8, 2008, at pp.1-2).

The above allegations are conclusory at best and totally unrelated to the claims against the Postal Service or Inspector Krafels. In any event, such allegations are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), because they would undermine the validity of Plaintiff's conviction and sentence in No. 3:07cr135-B.

In *Heck*, the Supreme Court stated:

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

> expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487. The *Heck* "favorable termination" requirement applies to *Bivens* actions, as well as civil rights actions under 42 U.S.C. §§ 1983, 1985, and 1986. *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994).[3]

Plaintiff cannot satisfy *Heck*'s favorable termination requirement. His direct criminal appeal is presently pending before the Fifth Circuit. Plaintiff is, therefore, precluded from maintaining a civil cause of action at the present time challenging his criminal prosecution and ultimate conviction. *Heck*, 512 U.S. at 488-89; *accord Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery . . . .").

The District Court should dismiss Plaintiff's claims, which seek to undermine his criminal conviction in No. 3:05-cr-332-G, with prejudice as frivolous to their being asserted again until the *Heck* conditions are met. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) *(quoting Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting

---

   3    In *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005), the Supreme Court repeated its long-held conclusion that prisoners must challenge their claims in habeas if "they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." In doing so it reaffirmed the *Heck* favorable termination requirement. *Id.* at 82.

preferred language)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that any claims against the United States Postal Service be DISMISSED *sua sponte* for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and that any *Bivens* claims against Inspector Jeff Krafels and other individual Postal Service employees be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b)(1).

It is further recommended that any claims which seek to undermine Plaintiff's criminal conviction in No. 3:05-cr-332-G be DISMISSED with prejudice as frivolous to their being asserted again until the *Heck* conditions are met.

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 11th day of December, 2008.

                                            WM. F. SANDERSON, JR.
                                            UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.